# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UTSTARCOM, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CV 2582 |
| -vs- ) | |
| ) | Senior U.S. District Judge |
| ) | GEORGE W. LINDBERG |
| STARENT NETWORKS, CORP., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Defendant Starent Networks, Corp. ("Starent") has pled five counterclaims against plaintiff, UTStarcom, Inc., including unenforceability of asserted patents ("Third Counterclaim"), tortious interference with prospective economic advantage ("Fourth Counterclaim") and malicious prosecution ("Fifth Counterclaim"). Plaintiff has moved to dismiss defendant Starent's Third, Fourth, and Fifth Counterclaims under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

Plaintiff argues that Starent failed to plead the Third Counterclaim with sufficient particularity. Starent has claimed that three patents at issue–referred to as '256, '582 and '905 in plaintiff and defendant's memoranda–are unenforceable due to inequitable conduct and the clean hands doctrine. The elements of inequitable conduct are: "(1) material prior art; (2) knowledge chargeable to the patent applicant of [the] prior art and its materiality; and (3) the applicant's failure to disclose the prior art to the Patent and Trademark Office with the intent to mislead." *Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06-C-1566, 2006 WL 3302825 at \*9 (N.D. Ill. Nov. 14, 2006). Inequitable conduct must meet the heightened pleading requirements of Fed.

07 C 2582

R. Civ. Pro. 9(b). *See Ferguson Beauregard/Logic Controls, Div. Of Dover Resources, Inc. v. Mega Systems, LLC*, 350 F.3rd 1327, 1344 (Fed. Cir. 2003).

Paragraphs 2-6 of the Affirmative Defenses section of the answer gives plaintiff notice as to the who, what, where, and when of the Third Counterclaim pled in that same answer, in addition to making general assertions of knowledge and intent to deceive the Patent Office. *See Videojet Sys. Intern., Inc. v. Eagle Inks, Inc.*, 14 F. Supp. 2d 1046, 1049 (N.D. Ill. 1998). In paragraph 3 defendant asserts that "individuals associated with the filing and/or prosecution of the patent application that matured into the '256 patent failed to disclose, with intent to deceive, [an Internet Engineering Task Force draft] to the U.S. Patent and Trademark Office ("USPTO")." Paragraph 4 asserts that "individuals associated with the filing and/or prosecution of the patent application that matured into the ['282] patent intentionally withheld [information concerning a proposed Radio-to-Packet interface between a Radio Network Node and a Packet Data Serving Node] from the USPTO so as to deceive the USPTO into issuing the '582 patent." Finally, paragraph 5 asserts that "individuals associated with the filing and/or prosecution of the patent application that matured into the ['905] patent intentionally withheld [material Internet Engineering Task Force drafts concerning using Generic Routing Encapsulation with a key to identify a tunnel used in the Mobile IP communications protocol] from the USPTO so as to deceive the USPTO into issuing the '905 patent." These allegations are sufficient under Rule 9(b) because the circumstances have been stated with particularity and knowledge and intent has been generally pled .

Starent has also claimed that four patents–referred to as '256, '900, '583, and '905–are

2

unenforceable "because [plaintiff] misused these patents by failing to properly disclose these patents to the relevant standards bodies and/or failing to offer a license to these patents to Starent on reasonable, nondiscriminatory terms before filing this action" in paragraph 6 of the Affirmative Defenses. This provides a short plain statement of the claim showing that the pleader is entitled to relief sufficient under Fed. R. Civ. Pro. 8(a)(2). Therefore, plaintiff's motion to dismiss defendant's Third Counterclaim is denied.

Plaintiff next argues that the Fourth Counterclaim for tortious interference with prospective economic advantage should be dismissed based on two grounds. First, plaintiff argues that Starent has failed to state a claim on which relief can be granted. Second, plaintiff argues that this Illinois state law tort is preempted by federal patent law.

To prevail on a claim of tortious interference with prospective economic advantage under Illinois tort law, Starent must show that there was purposeful interference, wrongful by some legal measure, on the part of plaintiff that prevented Starent's legitimate expectancy from ripening into a valid business expectancy. *Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 370, 485 (Ill. 1998). Plaintiff argues that Starent has failed to plead any act of wrongful interference upon which relief can be granted.

Starent alleges that plaintiff 1) contacted Verizon Wireless and Sprint Nextel and intentionally misrepresented the posture of then ongoing litigation; and 2) filed with malicious intent three lawsuits, including the present one. However, Illinois law bars Starent from seeking relief for tortious interference based on the filing of a lawsuit. In Illinois the only causes of action for the wrongful filing of a lawsuit are malicious prosecution and abuse of process.

07 C 2582

*Havaco of America, Ltd. v. Hollobow*, 702 F.2d 643, 647 (7th Cir. 1983); *Lyddon v. Shaw*, 372 N.E.2d 685, 690-691 (Ill.App. 1978). Further, Illinois courts "reject any effort to extend tort liability for the wrongful filing of a lawsuit beyond the ambit of an action for malicious prosecution or abuse of process." *Lyddon*, 372 N.E.2d at 690.

While allegations of filing malicious lawsuits cannot support Starent's Fourth Counterclaim, Starent's allegations that plaintiff made intentional misrepresentations to Verizon and Nextel are sufficient to plead tortious interference. Plaintiff has argued that its correspondence with Sprint and Verizon was no more than an act of competition upon which no relief can be granted. However, plaintiff mischaracterizes Starent's allegations. Starent alleges that in the lawsuit referenced in plaintiff's letters the judge rejected most of plaintiff's claim construction positions. Plaintiff's letter, however, states that the judge accepted the majority of the positions plaintiff advocated. Plaintiff's reliance upon *Lucien v. Preiner* is misplaced because in that case the court could find no falsehoods in the plaintiff's letter. 967 F.2d 1166, 1168 (7th Cir. 1992). Here, it is not difficult to find a factual disparity between what Starent claims was the actual position of the judge and what plaintiff conveyed to Verizon and Nextel. Starent claims this was an intentional misrepresentation in bad faith, and that is all that is required at the pleading stage. Therefore, the Fourth Counterclaim will not be dismissed as it relates to the letters sent to Nextel and Verizon.

Plaintiff also argues that the Illinois tort of tortious interference with prospective economic advantage is preempted by federal patent law under these circumstances. "[S]tate tort claims, including tortious interference claims, based on publicizing a patent in the marketplace

4

are not preempted by the patent laws if the claimant can show that the patent holder acted in bad faith in its publication of the patent." *Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999) (citing *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1338 (Fed. Cir. 1998). False statements or disregard for the correctness of statements is sufficient to show bad faith. *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). Since Starent has alleged a factual misrepresentation and bad faith, its claim for tortious interference is not barred by federal patent law. Therefore, plaintiff's motion to dismiss Starent's Fourth Counterclaim is denied in so far as that counterclaim is based on the letters sent by plaintiff to Verizon and Nextel.

Finally, plaintiff argues that defendant failed to plead a claim of malicious prosecution upon which relief can be granted. In order to prevail on a claim of malicious prosecution under Illinois law, a plaintiff must have suffered a special injury beyond the usual expense, time or annoyance in defending an underlying action that was terminated in the plaintiff's favor. *Howard v. Firmand,* 880 N. E. 2nd 1139, 1142 (Ill.App. 2007). The paradigm of special injury is arrest, seizure of property or some constructive taking or interference with property. *Levin v. King*, 648 N.E.2d 1108, 1110 (Ill.App.1995). Special injury has also been found in cases of the filing of numerous groundless lawsuits, where the balance between the right to bring honest lawsuits and preventing lawsuits meant only to harass has been upset. *See Howard*, 880 N. E. 2d at 1144-1145. Plaintiff has argued that Starent has not pled a claim upon which relief can be granted because Starent has not alleged any possible special injury. Starent's allegations include only a single lawsuit that was terminated in its favor, and Starent alleges it suffered no more than

07 C 2582

damage to its reputation and a negative effect on its business. As a matter of law, because Starent does not allege arrest, seizure nor an "onslaught of litigation," its allegations do not rise to the level of special injury. *See Howard*, 880 N.E. 2d at 1145 (finding no special injury based upon having to defend against two petitions). Thus, Starent has not stated a claim upon which relief can be granted, and so plaintiff's motion to dismiss defendant's Fifth Counterclaim is granted.

**ORDERED:** Plaintiff's motion to dismiss defendant Starent's Third, Fourth and Fifth Counterclaims [181] is granted in part and denied in part. The motion is granted as to the Fifth Counterclaim in its entirety and as to the Fourth Counterclaim as it relates to the filing of any lawsuit. The motion is denied as to the Fourth Counterclaim as it relates to plaintiff's communications with Verizon and Nextel and as to the Third Counterclaim in its entirety.

ENTER:

GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: December 5, 2008