IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UTSTARCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 07-CV-2582 |
| v. | ) | Hon. George W. Lindberg |
| | ) | Magistrate Judge Nan R. Nolan |
| STARENT NETWORKS, CORP. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**UTSTARCOM'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR RETURN ORDER**

I.  **INTRODUCTION**

By the motion that this Memorandum supports, UTStarcom seeks an order directing defendant Starent to immediately return to UTStarcom the trade secret documents specified in the motion. The documents belong to UTStarcom. Starent possesses them. The cases hold that Starent must return them.

Discovery in this case has been arduous and extensive. Ultimately, buried within the mass of documents Starent has produced, it has shown (by the very documents Starent has revealed) that Starent possesses confidential and proprietary trade secret documents that belong to UTStarcom. Some, on their face, show theft from UTStarcom's predecessor, 3Com, and almost immediate transmission to Starent by a departing 3Com employee just prior to joining Starent.

This circumstance is starkly illustrated by documents produced by Starent as Starent-III-1235127 – 1235131, copies of which are attached as Exhibit 2 to the

Declaration of Christopher L. Rudd (which is being filed under seal concurrently with this memorandum). They involve Starent and Defendant Brian Espy, who was leaving 3Com to join Starent in an important sales position. They show that on January 1, 2003, the day before Defendant Espy resigned from 3Com, he forwarded from his 3Com e-mail address (Brian_Espy@3com.com) to his personal e-mail address (the_espys@msn.com) a confidential and proprietary 3Com document.[1] Later that same day, Defendant Espy transferred that document to a Starent senior executive, Pierre Kahhale (and to Todd Kelly, who had joined Starent from 3Com several months earlier.) Defendant Espy joined Starent's employ on January 6, 2003 – just five days later.[2]

Defendant Espy had a non-disclosure agreement with 3Com that prohibited him from disclosing or using, after the term of his employment, any confidential or proprietary information or know how belonging to 3Com.[3] The stolen document is a Highly Confidential 3Com Project Matrix relating to its customer BellSouth International (and the Highly Confidential data in it).

Through discovery in this case UTStarcom has also determined that Defendant Todd Kelly copied over 3,000 3Com files from the computer he used while employed at 3Com by using a WinZip program.[4] This copying was done by Defendant Kelly both during his employment at 3Com and after resigning from 3Com. Like the stolen Espy

---

[1] As to the obviously significant information in the document transferred by Defendant Espy, see the Declaration of Chandra Warrier, filed under seal concurrently with this memorandum.

[2] Fourth Amended Complaint ("FAC"), ¶ 133, [Dkt 207].

[3] FAC, ¶ 135.

[4] This process is described more fully in the Expert Witness Report #1 of Charles P. Pfleeger, which is being filed under seal concurrently with this memorandum.

documents, the Kelly WinZip log on his 3Com computer shows that these copied and zipped files include documents that have file names identical to documents found on Defendant Kelly's hard drive that contain 3Com's highly confidential and proprietary information. These 3Com documents containing highly confidential and proprietary information found on Defendant Kelly's hard drive have been produced by Starent and exist unaltered in Starent's possession -- buried among the nearly two million pages of documents produced in Starent's document production.[5] Defendant Kelly had a non-disclosure agreement with 3Com that prohibited him from disclosing or using any of the proprietary technical information and business information of 3Com for his or another's benefit after the term of his employment.[6]

Consistent with the Court's equitable powers and relevant legal precedent, UTStarcom respectfully requests that an Order be entered directing Starent to (a) submit an inventory of every document in its possession that contains a trade secret of UTStarcom or any of its predecessors-in-interest to UTStarcom and to the Special Master; and (b) immediately return those documents to UTStarcom.

## II. BRIEF STATEMENT OF RELEVANT FACTS

- UTStarcom specializes in data communications products, including networking products and wireless products. (FAC ¶ 157.) In May, 2003, UTStarcom acquired substantially all of the assets of 3Com's carrier business unit. (FAC ¶¶ 27, 28.)

- UTStarcom alleges two trade secret claims in the FAC against Starent and the Individual Defendants: (1) Count I, for misappropriation of trade secrets; and (2)

---

[5] *See* STARENT-III-0136597-0136622, attached as Exhibit D to the Declaration of Christopher L. Rudd, filed under seal concurrently with this memorandum.

[6] FAC, ¶ 112.

Count XX, for conspiracy to misappropriate trade secrets. (*See*, *e.g*., FAC ¶¶ 201, 211 - 230, 420, 421.)

- Through the filing of the FAC, UTStarcom "demands that its business and intellectual property rights be returned to it . . .." (FAC ¶ 26.)

- In a history of motion practice that spans more than a year, Starent has repeatedly claimed ignorance as to what trade secrets UTStarcom alleges have been stolen.

- In response to UTStarcom's request for "[a]ll documents or things in Starent's possession, custody or control that were copied, downloaded, emailed or otherwise taken from UTSI by any former employee of UTSI, including any of the Individual Defendants," Starent claimed to be in possession of just two documents.

- Those two documents contain 3Com trade secrets **and also** directly evidence that they were stolen from 3Com by Defendant Brian Espy just prior to leaving 3Com's employ for work with Starent. *See* Warrier Decl., ¶¶ __, Exhs. A, B.

- However, a review of the documents produced by Starent reveals that Starent is in possession of dozens of documents that contain 3Com trade secrets that belong to UTStarcom. These documents are identified in Starent's production as:

> Starent-III-1230227-1230240, Starent-III-0732691-
> 0732700, Starent-III-0732691-0732700, Starent-III-
> 0136597-0136622, Starent-III-0747525-0747544, Starent-
> III-1779362-1779381, Starent-III-0636505-0636529,
> Starent-III-0959441-0959459, Starent-III-0141288-

>0141290, Starent-III-0626176-0626186, Starent-III-
>1235143-1235180, Starent-III-0626176-0626297,[7]
>Starent-III-0134690-0134695, Starent-III-1235142, Starent-
>III-1235127 – 1235131, Starent-III-1322331 – 1322347,
>Starent-III-1308070 – 1308085, and Starent-III-0136597-
>0136622.

*See* Warrier Decl., ¶¶ 21 - 21, Exhs. B - K; Rudd Decl., ¶¶ 2 – 7, Exhs. 1A – 6.

**III.      THIS COURT MAY EXERCISE ITS EQUITABLE POWERS TO ORDER THAT STARENT RETURN TO UTSTARCOM ALL DOCUMENTS THAT CONTAIN TRADE SECRETS OF UTSTARCOM OR ITS PREDECESSOR.**

Courts do not hesitate to require an unauthorized recipient (or holder) of trade secrets to return them to their owner. See, for example, this Court's opinion and order in *Cal City Optical, Inc. v. Pearle Vision, Inc.*, 1994 WL 114859 (N.D. Ill. 1994)(Lindberg, J.). In that case, this Court ordered defendants to return a franchise manual and other manuals "as well as materials containing trade secrets". In a similar case, the District Court ordered the return of proprietary information (customer files, among other things) taken by a former employee in violation of his agreement with his employer. *IDS Financial Services, Inc. v. Smithson*, 843 F.Supp. 415 (N.D. Ill. 1994). While the cases requiring return often arise in a preliminary injunction setting, the stage of a case or its procedural posture is conceptually irrelevant to the matter of return to their owner.

Indeed, it is a well-accepted proposition that a federal court, unless restricted by statute, may exercise the full range of equitable powers in support of its jurisdiction and in order to do complete justice in a particular case. "Moreover, the comprehensiveness of

---

[7]     Upon request by UTStarcom, Starent removed the confidentiality designations from these documents. UTStarcom is producing these same documents back to Starent with UTStarcom bates labels and designating them as "Highly Confidential."

this equitable jurisdiction is not to be denied or limited in the absence of a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied." *Commodity Futures Trading Commission v. Hunt*, 591 F.2d 1211, 1223 (C.A.Ill., 1979).

Where, as here, it has been proven that the defendant has misappropriated trade secrets and continues to possess them, it is common for courts to order their return or destruction. *See, e.g., Picker Intern. Corp. v. Imaging Equipment Services, Inc.*, 931 F.Supp. 18, 45 (D. Mass.,1995); *Picker International, Inc. v. Blanton,* 756 F.Supp. 971, 983 (N.D.Tex.1990); *Institutional Management Corp. v. Translation Systems,* 456 F.Supp. 661, 671 (D.Md.1978); *Curtiss-Wright Corp.,* 381 Mass. 1, 9, 407 N.E.2d 319, 325. UTStarcom has demanded in the FAC that these documents be returned, and such an order is necessary and appropriate in this case with regard to UTStarcom's trade secret materials currently in Starent's possession.

### IV. CONCLUSION

Starent's own document production in this case reveals that it possesses documents that, on their face, are trade secrets of UTStarcom's predecessor. Consistent with the Court's equitable powers and legal precedent, UTStarcom respectfully requests that an Order be entered directing Starent to (a) submit an inventory of those trade secret

/ / /

/ / /

/ / /

/ / /

documents to UTStarcom and to the Special Master; and (b) promptly return those documents to UTStarcom.

Dated: February 12, 2009        Respectfully Submitted,

    /s/ James K. Archibald
James K. Archibald (*pro hac vice*)
Randolph S. Sergent (*pro hac vice*)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742
jkarchibald@venable.com
rssergent@venable.com

JoAnna M. Esty
Christopher L. Rudd (*pro hac vice*)
Thomas J. Speiss, III (*pro hac vice*)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901
jesty@venable.com
clrudd@venable.com
tspeiss@venable.com

Marina N. Saito
LOEB & LOEB LLP
321 North Clark Street
Suite 2300
Chicago, IL 60610
msaito@loeb.com

## CERTIFICATE OF SERVICE

I, Thomas J. Speiss, III, an attorney of record in this matter, certify that on February 12, 2009, I caused a copy of the foregoing document:

**PLAINTIFF UTSTARCOM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RETURN ORDER**

**to be filed by electronic filing (ECF)**, which provides service to the following counsel of record by e-mail:

| | |
|---|---|
| Arthur Gollwitzer, III<br>MICHAEL BEST & FRIEDRICH LLP<br>Two Prudential Plaza<br>180 N. Stetson Ave., Ste. 2000<br>Chicago, IL 60601<br>Attorneys for Defendants<br>(Via E-mail: agollwitzer@michaelbest.com) | Scott A. Herbst<br>Scott R. Mosko<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>3300 Hillview Avenue<br>Palo Alto, CA 94304<br>Attorneys for Defendants<br>(Via E-mail: scott.herbst@finnegan.com)<br>(Via E-mail: scott.mosko@finnegan.com) |
| Christopher S. Schultz<br>FINNEGAN, HENDERSON, FARABOW,<br>GARNETT & DUNNER, LLP<br>55 Cambridge Parkway, Ste. 700<br>Cambridge, MA 02142<br>Attorneys for Defendants<br>(Via E-mail: christopher.schultz@finnegan.com) | E. Robert Yoches<br>James T. Wilson<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, L.L.P.<br>901 New York Avenue, N.W.<br>Washington, D.C. 20001-4413<br>Attorneys for Defendants<br>(Via E-mail: bob.yoches@finnegan.com)<br>(Via E-mail: james.wilson@finnegan.com) |

        /s/ Thomas J. Speiss, III
        Thomas J. Speiss, III