UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UTSTARCOM, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 07 C 2582 |
| v. | ) |
| | ) Senior U. S. District Court Judge |
| STARENT NETWORKS, CORP., et al., | ) George W. Lindberg |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff UTStarcom, Inc. ("UTStarcom") filed its fourth amended complaint on September 25, 2008, adding Anthony Schoener ("defendant Schoener") as a defendant. On January 7, 2009, defendant Schoener moved to dismiss counts I, IX, X, XIII, and XX of UTStarcom's fourth amended complaint, under Federal Rule of Civil Procedure 12(b)(2).

To overcome a defendant's motion to dismiss for lack of personal jurisdiction, "the plaintiff need only make out a prima facie case of jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). This court "accepts all well-pleaded allegations in the complaint as true," *Hyatt Intl. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002), and will "resolve all factual disputes in favor of the party asserting jurisdiction, and draw any reasonable inferences from those facts in the asserting party's favor." *FAIP N. Am., Inc. v. Sistema,* 2005 WL 3436398 at *2 (N.D. Ill.).

UTStarcom has alleged the following facts in the fourth amended complaint: On May 23, 2003, UTStarcom acquired substantially all of the assets of 3Com's carrier business unit (the "Carrier Unit"). UTStarcom continues to own and operate the Carrier Unit, which maintains

almost all of its personnel and facilities in Rolling Meadows, Illinois. Defendant Schoener, a former employee of 3Com, is co-founder of Starent, a company which designs and creates mobile gateway products that deliver voice and data for mobile devices. Starent designs these products to compete with similar products designed by 3Com's Carrier Unit.

When an employee joins 3Com, he or she is required to sign an employment agreement which prohibits the disclosure of 3Com's confidential product development information, the solicitation of 3Com's clients and potential clients, and the solicitation of 3Com's employees to join a directly competing business. As a former employee of 3Com, defendant Schoener signed 3Com's standard employee agreement, and knew that every 3Com employee had executed a similar agreement. Nonetheless, defendant Schoener solicited and recruited several 3Com employees to work for Starent in positions similar to those that they held at 3Com. Further, when 3Com employees joined Starent, they were encouraged and aided, by Starent employees, to solicit and recruit other 3Com employees. Defendant Schoener, along with other Starent employees, recruited several individuals who held important "key decision-making positions" for 3Com's Carrier Unit. Within fifteen months of its founding, Starent, led by defendant Schoener, solicited and recruited at least ten employees from 3Com's Carrier Unit.

Among the employees recruited for Starent by defendant Schoener, several had access to, and allegedly took, proprietary and confidential product development information which belonged to 3Com. By obtaining this information Starent reduced its product development cycle, which allowed it to create an enhanced 3Com-like product without the need to design a new product from scratch. Moreover, Starent's new employees used 3Com's marketing information,

which included knowledge of customers, suppliers, and vendors, to contact and solicit 3Com's existing customer base. Defendant Schoener's efforts helped Starent develop and modify a prototype of a 3Com-like product which it could offer for sale within 15 months of its founding.

In 2001 and 2002, 3Com continued to invest significant resources to develop its own Carrier Unit products. At the same time, Starent was unable to gain any significant market penetration. As a result, defendant Schoener and other Starent employees resumed their recruiting efforts. In its second round of recruiting, Starent acquired new 3Com employees who were privy to additional confidential and proprietary trade secrets. As a result, Starent was able to develop and market its 3Com-like product to compete directly with 3Com's Carrier Unit. UTStarcom claims that defendant Schoener conspired with his co-defendants to misappropriate its Carrier Unit's trade secrets and to infringe on its patents and trademarks, which caused UTStarcom substantial monetary damages. Specifically, UTStarcom alleges that defendant Schoener had access to and took the Carrier Unit's wireless product development information, including product development, technical, and testing documents, along with other technical confidential and proprietary information to acquire five years worth of product development. These thefts gave Starent the tools to develop and market a 3Com-like product, while causing substantial harm to UTStarcom's Carrier Unit.

A federal court sitting in diversity can assert personal jurisdiction over a defendant if exercising jurisdiction is permissible under the law of the state in which the federal court sits. *RAR Inc. v. Turner Diesel*, 107 F.3d 1272, 1275 (7th Cir. 1997). Therefore, this court must begin by determining if jurisdiction over defendant Schoener is permissible under Illinois law. In

Illinois, the long arm statute extends jurisdiction to the limits permitted by the Illinois and United States Constitutions. 735 ILCS 5/2-209(c). The Seventh Circuit has held that the jurisdictional limits imposed by the United States and Illinois Constitutions are coextensive. *Klump v. Duffus* 71 F.3d 1368, 1371, (7th Cir. 1995); *but see Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990) ("The Illinois Constitution contains its own guarantee of due process to all persons (Ill. Const. 1970, art. I, § 2), a guarantee which stands separate and independent from the Federal guarantee of due process."). Thus, if jurisdiction is allowed under the United States Constitution, it is likewise permissible under the Illinois Constitution, and therefore permissible under the Illinois long arm statute.

Under the United States Constitution, a court can exercise jurisdiction over a defendant so long as the defendant has minimum contacts with the forum state and the exercise of jurisdiction is reasonable and fair. *World-Wide Volkswagen v. Woodson,* 444 U.S. 286, 292 (1980). Moreover, a court can assert jurisdiction based on a theory of general or specific jurisdiction. General jurisdiction is proper when a defendant has "regular, continuous, and systematic contacts with the forum state." *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 446 U.S. 408, 414-16 (1984). If a defendant's contacts are "continuous and systematic," jurisdiction is proper even if the case does not arise out of those contacts. *Hyatt Intl. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Specific jurisdiction, however, is proper when a defendant's contacts are more limited. *Id.* at 716. In these cases, "the suit must 'arise out of' or 'be related to' the defendant's contacts with the forum state." *Id.* at 713 *citing World-Wide Volkswagen,* 444 U.S. at 297. These contacts cannot be fortuitous. *World-Wide Volkswagen,* 444 U.S. at 294.

Instead, the contacts must rise to a level where a defendant could reasonably anticipate being haled into the forum state to answer to a lawsuit. *Id.* at 297. In this case, defendant Schoener's contacts are not continuous and systematic such that the exercise of general jurisdiction is proper. Therefore, the court must determine if it has personal jurisdiction over defendant Schoener as a matter of specific jurisdiction.

Defendant Schoener contends that his contacts are so limited that the exercise of personal jurisdiction over him would not be proper. Specifically, defendant Schoener contends that his contacts amount to four business trips into Illinois within the last twelve years.

However, under the "effects doctrine" a court can assert jurisdiction over a defendant if the impact of the harm caused by that defendant is felt within a court's jurisdiction. *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). For example, in *Calder* the Supreme Court found that a California Court could assert jurisdiction over a Florida defendant, even though the defendant visited California only twice. *Id.* at 786. The court reasoned that the Florida defendant could reasonably anticipate being haled into court in California because he knew that the plaintiff would bear the brunt of the injury in California. *Id.* at 789-90. Similarly, the Seventh Circuit has applied the holding of *Calder* to find that "the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor." *Janmark v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997) (finding that jurisdiction over a non-resident defendant in a trade infringement case was proper under the Illinois long arm statute when the injury, and therefore the tort, occurred in Illinois). Thus, a court may entertain a suit based on specific jurisdiction when a defendant has harmed a plaintiff within that court's jurisdiction.

In this case, defendant Shoener's behavior has allegedly caused harm to plaintiff in Illinois. Defendant Schoener's alleged recruitment of 3Com employees so as to misappropriate 3Com's confidential trade secrets directly injured plaintiff in Illinois where the Carrier Unit is located. Specifically, the result of defendant Shoener's alleged conduct has significantly diminished the value of the Carrier Unit, which was once worth almost $100 million. Since defendant Schoener's purposeful conduct harmed plaintiff in Illinois, this court can exercise personal jurisdiction over him. *Id.*

Defendant Schoener claims that because UTStarcom is a Delaware company with its principal place of business in California, this court cannot exert jurisdiction over him. However, in determining whether a court has jurisdiction, the focus is on "the relationship among the defendant, the forum, and the litigation." *Shafer v. Heitner*, 433 U.S. 186, 204 (1977). Although UTStarcom's principal place of business is in California, defendant Schoener's conduct allegedly harmed plaintiff in Illinois. Moreover, if personal jurisdiction over a defendant is proper, the Supreme Court has held that "the plaintiff's lack of contacts will not defeat jurisdiction [that is] otherwise proper." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984). Therefore, defendant Schoener can be haled into court in Illinois regardless of the fact that plaintiff's principal place of business and state of incorporation are in other states.

Finally, defendant Schoener contends that the affidavit he submitted to this court establishes his lack of contacts with Illinois, that the assertions of the affidavit remain uncontroverted by plaintiff, and that therefore they should be accepted as true. However, defendant Schoener's statements in his affidavit relate to his work while he was an employee at

07 C 2582

3Com, and do not refute the allegations in plaintiff's complaint which concern defendant Schoener's behavior after he left 3Com. Thus, defendant Schoener's affidavit does not show that he has so few contacts with this jurisdiction that it would be improper for this court to assert jurisdiction over him.

ORDERED: Defendant Schoener's motion to dismiss UTStarcom's Fourth Amended Complaint for lack of personal jurisdiction [263] is denied.

ENTER:

_____
GEORGE W. LINDBERG
Senior U.S. District Judge

DATED: March 25, 2009